THE STATE EX REL. LAKE, APPELLANT, *v.* ANDERSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491.]

(No. 97–1298—Submitted December 3, 1997—Decided December 31, 1997.)

*Cozza & Steuer* and *John T. Price,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Donald Gary Keyser,* Assistant Attorney General, for appellee.

*Per Curiam.*  Lake asserts in his propositions of law that the court of appeals erred by dismissing his petition and not holding an evidentiary hearing.  Lake's assertions, however, are meritless for the following reasons.

First, as the court of appeals correctly determined, the APA had authority to correct Lake's release date.  Cf. *Hattie v. Anderson* (1994), 68 Ohio St.3d 232,

233, 626 N.E.2d 67, 70 ("[T]he APA possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date without providing a hearing."). Lake has no right to be released before the expiration of his actual sentence. See *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 698. Second, Lake did not verify his petition. *McBroom v. Russell* (1996), 77 Ohio St.3d 47, 48, 671 N.E.2d 10, 11; R.C. 2725.04. Finally, Lake did not attach all of his pertinent commitment papers to his petition. *Brown v. Rogers* (1995), 72 Ohio St.3d 339, 340–341, 650 N.E.2d 422, 423; R.C. 2725.04(D). Although Lake claimed entitlement to release from prison based on a release date specified in the APA's March 1995 parole revocation order, he did not attach a copy of this order to his petition.

Based on the foregoing, the court of appeals did not err in dismissing Lake's petition. No evidentiary hearing was required. See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196; *Marshall v. Lazaroff* (1997), 77 Ohio St.3d 443, 443–444, 674 N.E.2d 1378, 1378–1379. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.